UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH PIERSON, Plaintiff ) | Case No. |
| ) | |
| v. ) | |
| ) | |
| BILL STEPIEN, MATTHEW MORGAN, ) Defendants ) | |

Although the winner of the 2020 presidential election is not yet known, the winner of the 2020 election has already been decided. The thought of contesting an election in the courts was unthinkable until 2000 and in twenty (20) short years, it has sadly become the norm. In this case, the state of Wisconsin has a peculiar law that allows persons of means to pay for vote recounts that are denied to persons without means owing the statical modeling,  This procedure is not to ensure accuracy, or even a *bona fide* attempt to illicitly alter the outcome; it is rather a scorched earth tactic to sow discord and paranoia in the fields of Wisconsin by professional campaign operatives on their way back to Washington D.C.

### I.   JURISDICTION AND VENUE

1) The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 2201, and 52 U.S.C. § 20107

2) 3.  This Court has the authority to grant declaratory and injunctive relief under 28 U.S.C. § 2201-2202 and Fed. R. Civ. P. 57 and 65.

3) Venue is appropriate under 28 U.S.C. § 1391(e) because the Defendants reside in or are headquartered in and a substantial portion of the events giving rise to the claims occurred in the Southern District of New York.

## II.     PARTIES

4) ELIZABETH PIERSON, (hereinafter, "Plaintiff") is an individual and a voter in the 2020 Wisconsin election who was at all relevant times residing in the Richland Center, Wisconsin.

5) MATTHEW MORGAN is an individual and the general counsel for Trump for America 2020 whose contact address as published on the FEC website is 575 Fifth Ave, NY, NY.

6) BILL STEPIEN is an individual and the general manager of Trump for America 2020 whose contact address as published on the FEC website is 575 Fifth Ave, NY, NY.

## III.     FACTS

7) At some point in time in the early morning of November 5, 2020, the Associated Press called the presidential election results in Wisconsin ("Wisconsin Results") for candidate and former Vice President Joseph Biden ("Candidate Biden") after 98% of the vote was reported and stood at 1,630,389 for Candidate Biden and 1,609,897 for incumbent candidate and sitting President Donald Trump ("Candidate Trump").

8) The vote differential between Candidate Biden and Candidate Trump is somewhere above 0.25% and somewhere below 1.00%.

9) As the AP observed, this vote differential is sufficient to declare it mathematically implausible--if not impossible—for Candidate Trump to prevail under any rational scenario.

10) For that reason, the state of Wisconsin will not indulge Candidate Trump in any taxpayer funded recount under law.

11) But the State of Wisconsin has unusual recount procedures, Wis. Stat. Ann. § 9.01 ("Wisconsin Recount Law" or the "Pay-to-Play Law"), which it passed in response to the "hassle" that was created when a previous presidential candidate who had lost by more than 0.25% demanded a recount that ended up costing ~$3.2 million.

12) Under the Pay-to-Play-Law, when the vote differential between the parties is less than 0.25%, either candidate is entitled to a recount paid for by the taxpayers. But where the difference between the vote totals exceeds 0.25% but is less than 1%, a candidate can demand a recount if and only if he or she can pay upfront for the estimated cost in whatever form of money is found acceptable by the election officer.

13) The Wisconsin Recount Law thus divides losing candidates into two classes: unsuccessful political candidates with the money to pay for a recount ("Challenging Parties") and unsuccessful candidates without the money to pay for a recount ("Conceding Parties")

14) The Fourteenth Amendment's Equal Protection Clause prohibits states from "deny[ing] to any person within [their] jurisdiction the equal protection of the laws' and 'is essentially a direction that all persons similarly situated should be treated alike." *Lanning v. City of Glens Falls*, 908 F.3d 19, 29 (2d Cir. 2018).

15) "In election law disputes, 'the right to vote is protected in more than the initial allocation of the franchise. Equal protection applies as well to the manner of its exercise.' *Bush v. Gore*, 531 U.S. 98, 104 (2000) (per curiam). The government may not, by 'arbitrary and disparate treatment, value one person's vote over that of another.' *DEUTSCH, et al., v. NEW YORK STATE BOARD OF ELECTIONS, et al,* No. 20 CIV. 8929 (LGS), 2020 WL 6384064, at *6 (S.D.N.Y. Oct. 30, 2020).

16) On November 4, 2020, Defendant Bill Stepien declared that Candidate Trump intended to challenge the Wisconsin Election in court on the grounds that it was "within recount territory."

17) Stepien was right--but only in the sense that Candidate Trump's margin falls within the recount territory for those *persons who can afford to personally pay for the recount.*

18) Plaintiff cast her vote the Candidate Biden who cannot lose the Wisconsin Election under any rational industry standard or statistical model. In fact, over the last twenty years, here are the three only successful recount challenges:

| Recounts resulting in a reversal (2000 to 2015) | | | | |
|---|---|---|---|---|
| Event | Winning candidate | Initial margin | Recount margin | Vote swing |
| U.S. Senate in Minnesota, 2008 | Al Franken (D) | -215 | +225 | 440 |
| Vermont State Auditor, 2006 | Thomas Salmon (D) | -102 | +239 | 349 |
| Governor of Washington, 2004 | Christine Gregoire (D) | -261 | +129 | 390 |

19) Defendants know that no amount of recounting can overcome the more than 20,000 votes separating Candidate Biden from Candidate Trump.

20) But Defendants are intent upon subjecting the Plaintiff and other citizens of Wisconsin to the Pay-to-Play recount in order to undermine the validity and legitimacy of the presidential election overall.

21) Defendant Stepien has in fact already declared that certain "irregularities" in the Wisconsin Election demand scrutiny and answers.

22) These sort of political machinations were soundly rejected by the Supreme Court only last month in another case about Wisconsin's electoral process: "hyperpolarized political parties and existential politics [already risks] destabilize[ing]] the election result. If the apparent winner the morning after the election ends up losing . . . charges of a rigged election could explode . . .[the] longer after Election Day any significant changes in vote totals take place, the

greater the risk that the losing side will cry that the election has been stolen." *Democratic Nat'l Comm. v. Wisconsin State Legislature*, No. 20A66, 2020 WL 6275871, at *6 (U.S. Oct. 26, 2020).

23) The state of Wisconsin decided that any vote differential in an election that fell below 0.25% was not statistically sufficient to merit a taxpayer funded recount.

24) Notably, the state of Wisconsin could have chosen any number it liked to make that determination: 1% or 0.1% of 0.5% or 5%.

25) The Plaintiff's vote, which would remain sacred, valid and secure under the basic public policy of the state of Wisconsin is now in immediate danger of being subjected to delegitimizing and ultimately being thrown out because of the financial resources of the Challenging Party.

26) Any law that allows persons of means to obtain electoral recounts outside the bounds of statistical plausibility while denying the same right to persons without means to pay for it is a patent violation of the 14th amendment, as the Supreme Court declared with respect to the importance not only of voting but of the procedure under which votes are counted: "the right to vote is protected in more than the initial allocation of the franchise. Equal protection applies as well to the manner of its exercise." *Bush v. Gore*, 531 U.S. 98, 104 (2000) (per curiam).

## COUNT ONE: 28 U.S.C. § 2201

27) The Fourteenth Amendment guarantees all citizens that no state law that restricts or impedes an individual's rights under federal law is valid.

28) The Wisconsin Law allows persons of means to destabilize elections without any statistical chance of changing the outcome in a bona fide manner.

29) This Law therefore directly threatens the plaintiff's right to cast her ballot, to have her ballot counted, and to ensure that her ballot is not delegitimized or discarded in any sort of political charade.

30) Defendants have declared their intent to use Wis. Stat. Ann. § 9.01 to demand a recount, which they can only do because they have the financial resources to pay government employees to recount the ballots.

31) Pursuant to 28 U.S.C. §2201, Plaintiff seeks a declaration that Defendants attempts to utilize are unlawful and violative of the plaintiff's 14th amendment rights.

**COUNT TWO: 52 U.S.C. § 30110 et. seq.,**

32) The Federal Election Act, 52 U.S.C. 30110 et. seq., provides that "any individual eligible to vote in any election for the office of President may institute such actions in the appropriate district court of the United States, including actions for declaratory judgment[.]"



33) The Challenging Candidate is currently raising funds from his website to prevent the democrats from stealing the election by asking individuals to contribute funds in order to "protect the results" of the election and "keep fighting even after election day."

34) Title 52 defines a political "contribution" as "any gift, subscription, loan, advance, or deposit of money or anything of value made by any person for the purpose of influencing any election for federal office."

35) The outcome of the 2020 federal election can no longer be influenced in any legal manner.

36) Plaintiff hereby seeks declaratory judgment as to whether the Challenging Candidate is raising funds for authorized expenditures as that term is defined in 52 U.S.C.§ 30114

## V. PRAYER FOR RELIEF

In light of the foregoing, Plaintiff respectfully asks the Court for the following relief:

- enjoin Bill Stepien, Matthew Morgan and any of their agents from seeking to initiate the recount procedure under Wis. Stat. Ann. § 9.01;
- A temporary restraining order and preliminary injunction;
- Attorneys' fees; and any other such relief as the Court deems just and proper.

Dated this 4th day of November, 2020

Respectfully submitted,
**ELIZABETH PIERSON**

By:   /s Austin C. Smith
       Attorney for Plaintiff

Austin C. Smith
Smith Law Group, LLP
99 Wall Street, No. 426
New York, NY 1005
T: (917) 992-2121
E: austin@acsmithlawgroup.com

Joshua B. Kons (State Bar No.1063948)
LAW OFFICES OF JOSHUA B. KONS, LLC
92 Hopmeadow Street, Lower Level
Weatogue, CT 06089
T: (860) 920-5181
F: (860) 920-5174
E: joshuakons@konslaw.com